IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN BROWN,[1]                    §
                                   §    No. 67, 2014
    Respondent-Below,             §
    Appellant,                     §    Court Below:  Family Court
                                   §    of the State of Delaware in and
    v.                             §    for New Castle County
                                   §
STATE OF DELAWARE,                 §
                                   §
    Petitioner-Below,             §    File No. 1312003720
    Appellee.                      §

Submitted:   July 2, 2014
Decided:     September 4, 2014

Before **STRINE,** Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

### O R D E R

This 4th day of  September 2014, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c) ("Rule 26(c)"), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    On December 6, 2013, the sixteen-year old appellant, Kevin Brown, was arrested on one charge of Noncompliance with Conditions of Bond.  On January 13, 2014, the Family Court adjudged Brown delinquent on that charge and sentenced him to Level V secure care for a mandatory

---

[1] By Order dated February 12, 2014, the Court assigned a pseudonym to the juvenile appellant.  Del. Supr. Ct. R. 7(d).

minimum commitment of six months with placement at Ferris School, followed by Aftercare. This is Brown's direct appeal.

(2) On appeal, Brown's defense counsel ("Counsel") has filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel states that he provided Brown and his mother with individual copies of Counsel's Rule 26(c) submission and a letter explaining that either Brown or his mother could submit points for this Court to consider. Neither Brown nor his mother responded to Counsel or filed any points. The State has responded to the position taken by Counsel and has moved to affirm the Family Court judgment.

(3) This Court's consideration of a Rule 26(c) brief and motion to withdraw involves two tasks.[2] First, the Court must be satisfied that Counsel made a conscientious examination of the record and the law for claims that could arguably support the appeal.[3] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Id.*

even arguably appealable issues that it can be decided without an adversary presentation.[4]

(4) In this case, upon careful review of the record, the Court has concluded that Brown's appeal is wholly without merit. The State provided ample evidence to support the Family Court's finding that Brown had failed to comply with the conditions of his bond, and we cannot discover the existence of any appealable issues that are of any arguable merit. We are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Brown could not raise a meritorious issue on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Family Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[4] *Id.*